THE MANHATTAN OIL COMPANY, Appellant, v. THE CAMDEN AND AMBOY RAILROAD AND TRANSPORTATION COMPANY, Respondent.

A through contract for the transportation of goods was made by a transportation company, containing a clause exempting it from liability "for loss or damage by fire, or other casualty while in depots or places of transhipment," certain other exemptions were contained therein, in reference to which the contract made express provision for the exemption of connecting lines also. The goods were received by defendant, a connecting carrier, it receiving from the contracting carrier a portion of the freight, and while in its depot, were destroyed by fire without negligence on its part. In an action to recover the loss,—*held*, that as defendant was but simply aiding the contracting carrier in the performance of its contracts and acting as a subordinate, it was entitled to the benefit of the exemption from liability for loss by fire ; that the

express exemption from other liabilities, contained in the contract, did not change the rule in this respect, and that plaintiff, therefore, was not entitled to recover.

(Argued March 14, 1873 ; decided June term, 1873.)

Appeal from judgment of the General Term of the Supreme Court in the first judicial district, affirming a judgment in favor of defendant, entered upon the decision of the court upon trial without a jury.

This action was brought against defendant, as a common carrier, to recover for the loss of forty barrels of oil.

From the facts found by the court it appeared that the plaintiff, a New York corporation, had an agent in Cincinnati who purchased for it forty barrels containing 1,600 gallons of lard oil which, as appeared by a bill of lading dated at Cincinnati, June 27th, 1864 (set forth in the finding), was received by the Union Transportation and Insurance Company (a Pennsylvania corporation) consigned to the plaintiff, at 16 Broadway, New York, to be transported by that company from Cincinnati to New York at seventy-two and a half cents per 100 pounds. It was provided by the bill of lading that the Union Transportation Company should not be liable for damage or loss by fire or other casualty, while in depots or places of transhipment or for losses by fire, or the dangers of navigation while on the sea or rivers, and that the company and the steamboats and railroads, or forwarding lines, with which it connected, should not be accountable for any deficiency in packages it receipted in New York in good order. And in case of loss or damage to the goods, for which the company, or the railroads, steamboats or forwarding lines, with which they connected, might be liable. It was also agreed that it and the other connecting lines should have the benefit of any insurance by or for account of the owner of the goods ; and in case of loss, the value of the property, at the date of shipment, should govern the settlement of the same. This bill of lading, as also appears by the finding, was, on the day of its date, accepted and received by the plaintiff's

agent, and transmitted by mail to the plaintiff at New York, who received the same by due course. This oil was, pursuant to the agreement, transported by the Union Transportation and Insurance Company in its own cars, in charge of its own employes, over the various roads in its customary route between Cincinnati and New York, including the railroad of the defendant to South Amboy; and thence, on Saturday, the 9th of July, 1864, delivered for transportation to New York upon the steamboat Transport, owned by the defendant and employed by them as part of their regular freight line between Philadelphia and New York; that the same was received by the defendant on their railroad and steamboat for transportation to New York, according to their usual course of business with the Union Transportation and Insurance Company; and upon the understanding and agreement with that company and other carriers who aided in the transportation that the defendant should collect the entire freights upon the oil from Cincinnati to New York, and pay the same over to the Union Transportation and Insurance Company, to be by that company apportioned and distributed as should be just and equitable. The oil, after being safely transported and delivered by the defendant at their usual and only landing place and regular freight depot erected on pier No. 1, North river, in the city of New York, where all merchandise carried by them or by the Union Transportation and Insurance Company, to or from that city, was accustomed to be received; that the same was so landed and delivered in the depot on that pier after working hours, in the night of the same day on which it was delivered to the defendant at South Amboy (Saturday, July 9th, 1864); and that during the following Sunday night, and before the plaintiff had any notice of the amount of the oil, or opportunity to remove it, the pier, depot and oil was destroyed by fire, without the negligence of either party. As a conclusion of law the court found and decided that the plaintiff was not entitled to recover, and that the defendant was entitled to judgment for costs, and so ordered. There was evidence in the case that the oil was in fact shipped two

days before the date of the bill of lading, but it did not so appear from the bill of lading embraced in and made a part of the finding. The only exception made to the finding of the judge was general to his finding and decision "that the defendant is entitled to judgment," and to the direction that the defendant have judgment for costs.

*Hamilton Odell* for the appellant. Defendant's common law liability could only be abridged by express contract. (43 N. Y., 264; *Rawson* v. *Pa. R. R. Co.*, 48 id., 216, 217; *Fillebrown* v. *Gd. Tk. Co.*, 55 Me., 462; 2 Red. on Railways [3d ed.], 76–79.) There must be an express assent or stipulation on the part of the shipper, or he is not bound. (*Mer. Ins. Co.* v. *Chase*, 1 E. D. S., 138; *N. Y. Co.* v. *Cent. R. R. Co.*, 3 Wall., 113; *N. J. Stbt. Case*, 6 How. [U. S.], 344; *Perry* v. *Thompson*, 98 Mass., 252; *Buckland* v. *Adams' Ex. Co.*, 97 id., 125; *Adams' Ex. Co.* v. *Haynes*, 42 Ill., 89; *Wells* v. *Steam Nav. Co.*, 8 N. Y., 375.) Unless the delivery of the goods and the issuing of the receipt or bill of lading are simultaneous, the assent of the shipper will not be presumed. (*Bostwick* v. *B. and O. R. R. Co.*, 45 N. Y., 712; *Cory* v. *Cent. R. R. Co.* [not reported]; *D. and M. R. Co.* v. *Adams*, 15 Mich., 458.) The burden of proof to show a special contract, or the shipper's assent to a special acceptance, is on the carrier. (Red. on Carriers, chap. 13; *Harris* v. *N. I. Co.*, 20 N. Y., 236; *N. J. Stbt. Case*, 6 How. [U. S.], 644; *Hollister* v. *Nowlen*, 19 Wend., 247; *West. T. Co.* v. *Newhall*, 24 Ill., 466.) Bills of lading are construed liberally in favor of the shipper. (*Atwood* v. *Tr. Co.*, 9 Watts, 88; *Avery* v. *Merrill*, 2 Curtis, 11; *Hooper* v. *Wells*, 5 A. L. R. [N. S.], 23.) By the terms of the bill of lading defendant is excluded from the benefit of the exemption from loss by fire. (*Hare* v. *Horton*, 5 B. & Ad., 715; *Spry* v. *Flood*, 2 Curtis, 365; *Vedder* v. *Saxton*, 46 Barb., 193; 17 id., 196; *N. Y. C.* v. *Covert*, 6 Abb. [N. S.], 164; *Baldwin* v. *Van Deusen*, 37 N. Y., 489; 14 id., 306; *P. W. and B. R. R. Co.* v. *Howard*, 13 How. [U. S.], 341; *U. S.* v. *N. B. Bridge*,

1 W. & M., 478; *Atkins* v. *Boardman*, 20 Pick., 304; *Finney* v. *Bedford Co.*, 8 Met., 351; *Lee* v. *How. Ins. Co.*, 11 Cush., 328; *Stephen* v. *Smith*, 29 Vt., 164; 2 J. Cas., 289, 397; 3 Hill, 597; 19 How., 489; 21 id., 340.) A written engagement with express stipulations should not be extended by implication. (Brown's Maxims, 582 [marg.].)

*Charles F. Sanford* for the respondent. Defendant is equally entitled with the Union Transportation and Insurance Company to the benefit of all the exemptions and immunities contained in the bill of lading. (*Scothorn* v. *So. Staff. R. Co.*, 8 Exch., 341; *Mischamp* v. *Lan. R. R. Co.*, 8 M. & W., 421; *Watson* v. *Amber R. R. Co.*, 15 Jur., 448; *Hart* v. *Rens. and Sar. R. R. Co.*, 4 Seld., 37; *Mallory* v. *Burrett*, 1 E. D. S., 234; *Maghee* v. *C. and A. R. R. Co.*, 45 N. Y., 514, 518; *Lamb* v. *Same*, id., 271; *Dorr* v. *N. J. St. Nav. Co.*, 1 Kern., 485, 492; *Mer. Mut. Ins. Co.* v. *Chase*, 1 E. D. S., 115, 126; *Ætna Ins. Co.* v. *Wheeler*, 5 Lans., 480; *Collins* v. *B. and E. R. Co.*, 25 L. J. R. [Exch.], 188; S. C., 29 id., 41; 7 H. L. C., 194; *Coxon* v. *Gt. W. Co.*, 5 H. & N., 274.)

GRAY, C. The oil destroyed by fire, the value of which is the subject of the present controversy, was received by the Union Transportation and Insurance Company, at Cincinnati, to be transported by that company to New York at a stated price for the entire route, and upon certain conditions, one of which was, that the company should not be liable for damages or loss by fire, or other casualty which should occur to the oil while in depots or in places of transhipment. Under this contract that company would doubtless have been liable had the oil been damaged or destroyed while on the defendant's road or boat, by any of the perils hazarded by common carriers not excepted in the contract for its transportation; and it is equally clear that if the action had been brought against that company to recover the value of the oil, it would have been shielded by the exception in the bill

of lading. (*Maghee* v. *The Camden & Amboy R. R. Co.,* 45 N. Y., 514, 519.) This proposition I do not understand to be questioned; not because the Union company, who became responsible for the safe delivery of the oil in New York provided against its liability for damage to, or the loss of, the property by fire in the places specified, did not as it did in some other respects, make provisions for the exemption of connecting lines. The plaintiff insists that the defendant, who was the last carrier on the route to New York, to which the Union company had agreed to transport it, is not entitled to the benefit of the condition referred to, upon which the Union company agreed to carry it to that city. The contract made by the Union company was for a service to be performed, not only for a compensation to which it would not have been entitled until the property had been transported to, and ready for delivery in New York, but by it that the company would have incurred a liability for damage to, or a loss of it, had not the loss occurred in a depot or place of transhipment. The contract having been made by that company for the transportation of the oil from Cincinnati to New York was, including the condition referred to, commensurate with the undertaking to transport it over the whole and every part of the route. Had it been a contract which did not carry the liability of the first carrier beyond the distance traversed by its cars, the condition could not avail the defendant; but as it is, the defendant, instead of being the party who contracted with the plaintiff, was aiding the first carrier in performing its contract, and for a compensation to be equably apportioned and paid by that carrier, to whom the defendant was but a subordinate, and shielded by the condition made by that company against a liability for loss by fire. (*Maghee* v. *The Camden & Amboy R. R. Co.,* 45 N. Y., 514, 521.) A point was made upon the argument that the bill of lading was not made simultaneously with the shipping of the oil, but two days subsequent, and hence that it does not afford an inference that its terms were assented to. This fact does not appear among the facts found, but otherwise, and

although the evidence was to that effect, no exception appears to have been taken to the finding.

Whether or not the inference should be without some evidence to the contrary that the agreement as made was merged in the one subsequently written and received by the purchasing and shipping agent, without dissent, is not now necessary to be considered.

The judgment appealed from should be affirmed.

All concur.

Judgment affirmed.